## UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| ZUHA AL KAYYALI, | § | CIVIL ACTION NO. |
| *MALKA HAMED* | § | 4:24-CV-0227 |
| *AND AYAD ALGAYYALI* | § | |
| | § | |
| Plaintiffs, | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| vs. | § | |
| | § | |
| | § | |
| LISA JOHNSON, *et al.*, | § | |
| Defendants. | § | |

### FISRT AMENDED COMPLAINT FOR WRIT OF MANDAMUS AND the Administrative Procedure Act ("APA"),

To the Honorable Judge of Said Court:

## I.    INTRODUCTION:

Plaintiffs-Petitioners ("Plaintiffs"), appearing individually under pseudonyms, respectfully bring this Petition for Writ of Mandamus and Complaint for Declaratory and Injunctive Relief to compel Defendants-Respondents ("Defendants") to issue and/or reissue Plaintiffs' visas.  As to seek this Honorable Court's aid in compelling the U.S. State Department and the U.S. Consulate in Beirut, Lebanon to make a final adjudication on Plaintiff MALKA HAMED AND AYAD ALGAYYALI's immigrant visa application. In support thereof, plaintiffs alleges as fellow:

1. Plaintiff ZUHA AL KAYYALI is a US. Citizen.

2. Plaintiff's MALKA HAMED AND AYAD ALGAYYALI's is the beneficiary of an approved I-130, Petition for Alien Relative ("I-130 Petition") filed on the parents behalf by  U.S. Citizen daughter, Plaintiff  ZUHA AL KAYYALI. Pursuant to the I-130 Petition approval, Plaintiffs submitted a DS260, Immigrant Visa Electronic Application ("DS-260 Application"), seeking to obtain Lawful Permanent Residency ("LPR Status") in the United States.

3. On NOVEMBER 04, 2021, Plaintiffs MALKA HAMED AND AYAD ALGAYYALI's was interviewed at the U.S. Consulate in Lebanon in connection with his DS-260 Application [Agency Case No. BRT2020610002 and BRT2020563001]. At the conclusion of the interview, they were informed that applications were refused under 8 USC §1201(g) [§221(g) of the Immigration and Nationality Act] (hereinafter "221(g) refusal") and both application was placed in administrative processing.  The notice and officer indicated that they would email Plaintiffs DS-5535, Supplemental Questionnaire to complete *via* email.

4. The Embassy in Beirut requested documents and  the plaintiffs timely responses, the latest request for police clearance was requested right after filing this law suit, and was also timely provided ( Police clearance attached here in

## II.    PARTIES:

5.  Plaintiff ZUHA AL KAYYALI is a citizen of the United States.  Plaintiff ZUHA AL KAYYALI currently resides at in Houston, TX. Plaintiff ZUHA AL KAYYALI is the daughter of the plaintiffs *MALKA HAMED AND AYAD ALGAYYALI*

6.  Plaintiff MALKA HAMED AND AYAD ALGAYYALI [Agency No.: BRT2020610002 and BRT2020563001],. Plaintiffs currently reside in Lebanon. Plaintiffs MALKA HAMED AND AYAD ALGAYYALI is a beneficiary of an I-130 Petition filed by Plaintiff Zuha Alkayyali interviewed in relation to his immigrant visa application at the U.S. Consulate in Beirut, Lebanon  on November 4, 2021, The applications have been in administrative processing since that time.

7.  The Defendant, Antony Blinken, is the United States Secretary of State, an executive agency of the United States government.  In addition to his role as the United States' chief diplomat, he is charged with overseeing the operations of US Consular Sections and Consulates General worldwide to ensure the legal and timely adjudication and issuance of visa applications.

8.  The Defendant, Katherine Brucker, is the Deputy Chief of Mission, US Embassy in Canada. As the Deputy Chief of Mission, Defendant Brucker is the principal officer in charge of U.S. diplomatic missions and U.S. offices in Canada, which the Secretary Blinken has designated as diplomatic in nature.

9.  The Defendant, Lisa Johnson, is the Consul General, U.S. Consulate in

Beirut, Lebanon. Acting under the authority delegated by the aforementioned Defendants, Defendant Sanders is ultimately responsible for the timely consideration and decision-making process related to DS-260 immigrant visa applications and related forms and evidence provided by applicants such as the Plaintiffs, who are seeking to immigrate to the United States.

## III.    JURISDICITION:

10. This is a lawsuit brought to compel a decision of a government agency pursuant to by 28 U.S.C. §§ 1331 and 1361 to redress the deprivation of rights, privileges, and immunities secured by the Plaintiffs, by which jurisdiction is conferred to compel the Defendants and those working under them to perform the duties that they owe to Plaintiffs.

11. Jurisdiction is also conferred by 5 U.S.C. § 704 because the Plaintiffs are aggrieved by adverse executive agency action, or inaction as the case may be, as the Administrative Procedure Act requires in order to confer jurisdiction on the District Courts. See 5 U.S.C. §§ 702, et seq.

12. The aid of the Court is also invoked under 28 U.S.C. §§ 2201 and 2202, which authorize declaratory judgments, such as the relief that the Plaintiffs are seeking.

13. The Plaintiffs are entitled to a decision on Plaintiffs long pending DS260 Application for Immigrant Visa. *See* 22 C.F.R. §42.81, *see also* sections 101(a)(9), (16), and 201(b)(2)(A)(i) of the Immigration and Nationality Act (INA).[1]

---

[1] The Plaintiff's visa has been refused pursuant to 8 USC §1201(g), however, this is not a *final* decision. 8 USC § 1201(g) by definition, and Administrative Processing by its very nature, both presuppose that a final decision on a visa application is forthcoming based on some future event, such as the completion of Administrative Processing, or the possible favorable adjudication of a waiver in other circumstances.

14. This Court is competent to adjudicate this case, notwithstanding the doctrine of consular non-reviewability, "when [the] suit challenges the authority of the consul to take or fail to take an action as opposed to a decision within the consul's discretion." *See, e.g. Patel v. Reno*. 134 F.3d 929, 931-32 (9th Cir. 1997); *Onuchukwu v. Clinton*, 408 Fed.Appx. 558, 560-61 (3d Cir. 2010)(noting that mandamus actions to compel adjudication are within competence and jurisdiction of district courts and that consular officials have a duty to adjudicate visa applications); *see also Raduga USA Corp. v. United States Dep't of State*, 440 F. Supp. 2d 1140, 1149 (S.D. Cal. 2005) (finding mandamus jurisdiction where "Plaintiffs simply seek to compel the consul to render a final decision on Plaintiff's visa applications which is mandated under [8 C.F.R.] § 42.81(a)").

15. The rationale expressed in these persuasive cases is echoed in the decisions of this Honorable Court as well such as *Nine Iraqi Allies Under Serious Threat Because of Their Faithful Service to the U.S. v. Kerry*, 168 F.Supp.3d 268, 290 (D.D.C. 2016) and *Bagherian v. Pompeo*, 442 F.Supp.3d 87, 93 (D.D.C. 2020) (containing overview of cases finding jurisdiction to review consular delay and administrative processing cases pursuant to the APA and Federal Question Jurisdiction).

16. The Plaintiffs understand the doctrine of consular non-reviewability and with this action Plaintiffs only seek to compel the Consulate to make a decision on Plaintiff's pending application, "which the consul is required to make in the first place pursuant to 22 C.F.R. § 42.81(a)." *Raduga USA*, 440 F. Supp. 2d at 1146 (citing *Patel*, 134 F.3d at 932); *see also Onuchukwu,* 408 Fed.Appx. at 560-61.

17. However, the doctrine of consular non-reviewability, to the extent that the Defendants may raise this issue in response to this filing, is essentially inapplicable here. The Plaintiffs are not asking the Court to review the Consulate's decision to approve or deny a visa request. Rather, in this case the Consulate has failed to render *final* decision. This Court has repeatedly held that the doctrine of Consular Non-Reviewability is inapplicable in cases where no decision has been made. *See, e.g., Bagherian v. Pompeo,* 442 F.Supp. 3d at 93 (containing compendium of cases finding jurisdiction to review consular delay).

18. Defendants' refusal to issue the visas deprives Plaintiffs of their rights under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 11001 et seq., and its implementing regulations, the Administrative Procedure Act ("APA"), 5U.S.C. §§ 555, 706, as well as agency policy. This inaction also has separated Plaintiffs from their loved ones and exposed them to serious, prolonged, and imminent threats to their lives and well-being. It has cost the family thousands of dollars and caused significant disruptions in their educations and careers. The financial, physical, and emotional stresses that Plaintiffs have suffered as a result of Defendants' failure to act have exacted a significant toll on the family and will not be relieved until the visas are issued, as required by law.

19. A court may grant mandamus relief if (1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff. Am. Hosp. Ass'n v. Burwell, 812 F.3d 183, 189 (D.C. Cir. 2016); see also Nine Iraqi Allies Under Serious Threat Because of Their Faithful Serv. to the United States v. Kerry, 168 F. Supp. 3d 268 (D.D.C. 2016).

20. Here, Plaintiffs clearly meet all three of these criteria. Plaintiffs have fully complied with all of the statutory and regulatory requirements in the visa application process and were told that their applications had been approved. Accordingly, they have a clear right to the issuance of the visas. Defendants have unreasonably failed to issue the approved visas, in dereliction of their non-discretionary duties, and despite providing Plaintiffs assurances to the contrary shortly before they abruptly and arbitrarily changed course. Plaintiffs have no alternative means to obtain relief.

21. Based on the foregoing, Plaintiffs are also entitled to relief under the APA, which authorizes courts to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). "Agency action" includes, in

relevant part, "an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13). Defendants' failure to issue the visas constitutes agency action unlawfully withheld or unreasonably delayed, entitling Plaintiffs to relief.

22. Accordingly, Plaintiffs are entitled to a writ of mandamus and/or order declaring that Defendants' continued failure to issue Plaintiffs' visas violates the APA, the INA, agency regulations, and agency policy; and (2) directing Defendants to issue Plaintiffs' immigration visas forthwith.

## IV.   VENUE:

23. Venue is proper in the United States District Court for the Southern District of Texas, the plaintiff, the US citizen daughter is residing in the district

24. This case arises under the United States Constitution; the INA, 8U.S.C. § 1101 et seq.; and the APA, 5 U.S.C. § 701 et seq. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1361, and 2201–2202.

25. There exists an actual and justiciable controversy between Plaintiffs and Defendants requiring resolution by this Court. Plaintiffs have no adequate remedy at law.

26. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## V.   REMEDY SOUGHT:

27. Plaintiffs seek to have the Court compel the Defendants and their subordinates to adjudicate Plaintiffs immigrant visa application, which has been in administrative processing for over 3 years

## VI.   EXHAUSTION OF ADMINISTRATIVE REMEDIES:

28. There are no other administrative remedies prescribed for the Defendants' neglect of their duties towards the Plaintiffs.

## VII.   CAUSE OF ACTION:

**Count One**
**APA Violation – Unreasonable Delay**

29. Plaintiffs re-allege and incorporate by reference paragraphs one through 29, above.

30. Plaintiff Zuha Alkayyali is a citizen of the United States.

31. Plaintiffs *MALKA HAMED and AYAD ALGAYYALI is the applicant for the visa*

32. Zuha Alkayyali is the US citizen daughter for the applicants *MALKA HAMED and AYAD ALGAYYALI*

33. On or about 2018, Plaintiff Zuha Alkayyali filed an I-130 Petition on behalf of her parents. That Petition was subsequently approved

34. Once approved, U.S. Citizenship and Immigration Services ("USCIS") forwards the I-130 Petition to the National Visa Center ("NVC") for further processing.  At this stage, Plaintiffs are required to submit all requisite civil documents, financial documents relating to the affidavit of support, along with the DS-260 Application.

35. Plaintiffs' I-130 Petition was forwarded to the NVC, and thereafter, their application was deemed "documentarily qualified" (the NVC collected all requisite forms, fees, and evidence required). On or about 2020, Plaintiffs was issued an Immigrant Visa Interview Appointment email.

36. On November 4 2021, Plaintiffs were interviewed at the U.S. Consulate in Beirut in connection with his DS-260 Application. *Id.*

37. At the conclusion of his interview, the Consulate in Montreal, Canada, Plaintiff Alsharaf was informed that his application had been refused for administrative processing, and was not provided a reason for this processing. Plaintiffs received a refusal worksheet from the consulate indicating that his immigrant visa application was refused under 8 USC §1201(g) [§221(g) of the Immigration and Nationality Act] (hereinafter "221(g) refusal") and his application was placed in administrative processing.

38. In accordance with the 221(g) refusal, Plaintiffs received an email from the consulate instructing him to complete a Form DS-5535, Supplemental Questions for Visa Applicants. Plaintiffs completed that questionnaire and returned it to the consulate– and they fully complied and responded, however, immigration visa application has been in administrative processing since that time.

39. A Form DS-5535 is used by the Department of State "to determine an individual's eligibility for a U.S. visa." *See* Form DS-5535. In an October 2017 stakeholder meeting, State Department officials clarified that consular officials may require a visa applicant to submit Form DS-5535 to resolve an applicant's identity or to vet for terrorism, national security-related, or other visa ineligibilities when the consular officer determines that the circumstances of a visa applicant, a review of a visa application, or responses in a visa interview indicate a need for greater scrutiny. *See* § 3:44. Special supplement, H-1B Handbook § 3:44 (2022 ed.). Other factors that may cause a consular official to require the form could include an applicant's country of citizenship, residence, or birth; travel history; military service; affiliations; involvement in high-technology fields; and appearance in the national security or law enforcement databases. *Id*

40. Plaintiffs, on their own volition followed up with the consulate, requesting an update on the processing of the visa application. Defendants have only responded with a boilerplate messages; providing no insight to the amount of time it will take to conclude his administrative processing *nor* a reason for the administrative processing.

41. That this matter has been in administrative processing for over 3 years, providing the U.S. Consulate with more than enough time to complete any and all necessary background checks and accordingly, such administratively processing is now arbitrary, superfluous, and redundant.

42. Defendants have no legal basis for failing to adjudicate Plaintiff's DS-260 immigrant visa application and by failing to do so, Plaintiffs will continue to suffer significant and irreparable harm.

43. The Defendants have failed to complete the decision-making process in Plaintiffs' case within a reasonable period of time given the circumstances, without providing any

justification for the delay, and as such they have violated the Administrative Procedure Act by acting arbitrarily and capriciously. *See* 5 USC §706(1).

44. That Plaintiffs are harmed by the Defendants unreasonable delay, in that they are unable to plan for the future, unable to make certain financial and employment decisions, and unable to occupy their U.S. home together until a final decision is made on their respective applications. Staying a way from their children and grandchildren, which are over 20 persons which whole all are US citizen. That Plaintiffs' futures hang in limbo which has caused them great emotional, financial, and personal distress.

45. To the extent Defendants raise an objection to this complaint because the Department of State purports to have a first-in, first-out processing queue for visa issuance and/or administrative processing, counsel for Plaintiff has information and a well-founded belief that such a processing queue does not exists, as evinced by numerous cases filed after and approved before Plaintiffs'. That should Defendants raise this defense or objection, then this court should compel discovery and have Defendants produce evidence of visa processing in their possession.

46. That Plaintiffs have not sought further administrative remedies in this matter, as there are no administrative remedies provided for Defendants' neglect of their duties towards them.

47. This Mandamus is appropriate in Plaintiffs' case because the administrative remedies have been exhausted and there are no further available remedies for them to pursue at law.

## Count Two
### APA Violation – Arbitrary and Capricious Use of Form DS-5535 and Administrative Processing

48. The Plaintiffs reassert and incorporate by reference paragraphs one through 48, above.

49. After Plaintiff 's interview, they were informed that he must complete a Form DS-5535.

50. Form DS-5535 was created as part of the former administration's attempt to bar Muslims from entering the United States with Executive Orders 13769 and 13780. *See, e.g.,* 85 Fed. Reg. 67088 (Oct. 21, 2020).

51. When seeking approval of Form DS-5535 from the Congressional Office of Management and Budget (OMB), the State Department told Congress that the primary purpose of the use of Form DS-5535 was to create a mechanism through which Consular Officers could enact and enforce Executive Orders 13769 and 13780.

52. Furthermore, the State Department stated, when seeking approval to use Form DS5535, that it should only be used when a "consular officer determines that the circumstances of a visa applicant…indicate a need for greater scrutiny." *See* 85 Fed. Reg. 67088 (Oct. 21, 2020) . While the State Department's explanation to Congress for the need to issue and use Form DS-5535 does make passing reference to "other visa ineligibilities," the totality of

its explanation and the DS-5535's inexorable connection to the Muslim Ban executive orders, indicates that DS-5535based administrative processing should generally only be triggered where a consular officer determines *at the time of an interview*, and *after the case has already been* reviewed by governmental agencies prior to an interview being scheduled because of national security and terrorism concerns. *Id.*

53. There are no plausible terrorism or national-security related bases related to Plaintiffs that could or should have triggered DS-5535 based administrative processing in this matter.

54. Furthermore, there are no plausible grounds of inadmissibility that apply to them

55. Beyond the questionable nature of the continued use of Form DS-5535 now that the Muslim Ban executive orders have been rescinded, is the unique fact present in this case related to Plaintiff's prior U.S. immigration history.

56. Because there appears to be no basis whatsoever to suspect that Plaintiff Ayad Alggayali has ever in been involved in any significant corruption, including corruption related to the extraction of natural resources, or a gross violation of human rights or inadmissible to the US for any reason at all, the Defendants' decision to delay administrative processing is arbitrary and capricious in violation of the APA. *See* 5 USC sect. 706(2).

57. Using Sec. 7031(c), as a catch all to justify the delay is in violation of the APA

If there is any believe that there is any issue with the defendant admissibility under 7031c they government shall comply with the cat

(4) REPORT.—Not later than 30 days after enactment of this Act, and every 90 days

thereafter, the Secretary of State shall submit a report, including a classified annex if

necessary including a classified annex if necessary,

to the appropriate congressional committees and the Committees

on the Judiciary describing the information related to

corruption or violation of human rights concerning each of

the individuals found ineligible in the previous 12 months

pursuant to paragraph (1)(A) as well as the individuals who

the Secretary designated or identified pursuant to paragraph

(1)(B), or who would be ineligible but for the application of

paragraph

(5) POSTING OF REPORT.

—Any unclassified portion of the

report required under paragraph (4) shall be posted on the

Department of State website.

(6) CLARIFICATION.

—For purposes of paragraphs (1), (4),

and (5), , the records of the Department of State and of diplomatic and consular offices of the United States pertaining to the issuance or refusal of visas or permits to enter the United States shall not be considered confidential"

## VIII.   PRAYER

WHEREFORE, Plaintiffs request that this Court grant the following relief:

4. Take jurisdiction over this matter;

5. Declare that the Defendants have violated the Administrative Procedure Act by unreasonably delaying the adjudication of Plaintiffs' DS-260 Visa Applications.

6. Compel the Defendants to perform their respective duties to adjudicate Plaintiffs' DS-260 Visa Applications within 60 days;

7. Grant such other relief as may be proper under the circumstances, and grant attorneys' fees and costs of court pursuant to 5 U.S.C. § 504 and 28 U.S.C. § 2141(d), *et seq.*

8. The Plaintiffs further pray that if the Defendants' decision is adverse to their interests, that any decision include justification and explanation for the Defendants' action to preclude the sense of retaliation for having brought this lawsuit or for having exposed the Defendants' inefficiency to the senior officers of the State Department, the U.S. Consulate in Montreal, Canada and other involved governmental agencies and officers within the Executive Branch.

9. Grant any and all further relief this Court deems just and proper, including legal fees pursuant to the Equal Access to Justice Act. See 28 USC §2421.

10. Compel the Defendant to produce any and all report and information under Sec. 7031(c), so the plaintiff will have the opportunity to clear any confusing

Dated: August 9th , 2024

Respectfully  submitted,

Dalya Alabbassi
Attorney for the Plaintiff

By:     */s/ Dalya Alabbassi*
        Dalya Alabbassi
        Alabbassi PLLC
        Texas Bar No.
        24113524
        9950 Westpark Dr ste 102
        Houston, Texas 77063
        Telephone: (832) 304-7866
        Email: info@alabbassi.net

        *Attorney for the Plaintiffs*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on August 9th , 2024, a copy of the foregoing pleading was served on all counsel of record by electronic mail via the Court's CM/ECF system.


<u>*/s/Dalya Alabbassi*</u>
Dalya Alabbassi