# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ZUHA AL KAYYALI, *et al.*, | § § § | CIVIL ACTION NO. 4:24-CV-0227 |
| Plaintiffs, | § § | |
| | § | JUDGE CHARLES ESKRIDGE |
| vs. | § § § | |
| LISA JOHNSON, *et al.*, | § § | |
| Defendants. | § | |

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT

Defendants, Lisa Johnson, *et al.*, file this reply to Plaintiffs' response (ECF 30) in support of Defendants' motion to dismiss the amended complaint. (ECF 25).

## I.    INTRODUCTION

Plaintiffs' response wholly fails to distinguish this case from similar cases decided within the Fifth Circuit—namely, *Yahya, v. Blinken, et al.*, a recent decision issued by this honorable court. *Yahya, v. Blinken, et al.*, No. 4:23-cv-04005, 2024 WL 3497936, at * 1 and 7 (S.D. Tex. July 22, 2024) (granting motion to dismiss for lack of subject matter jurisdiction as moot where consular officer refused visa application under the Immigration and Nationality Act ("INA") § 221(g), 8 U.S.C. § 1201(g)). In addition to the grounds for dismissal that were applicable in *Yahya*, there is an additional ground for dismissal under Section 7031(c) of the Department of State, Foreign Operations, and Related Programs Appropriations Act, 2023 (Pub. L. No. 117-328) ("Section 7031(c)") as implemented by the Further Consolidated Appropriations Act, 2024 (Pub. L. No. 118-47, Div. F, Title VII, 138 Stat. 784). Plaintiffs' case

should be dismissed under the same reasoning applied in *Yahya* as well as for ineligibility under § 7031(c).

Therefore, the Court should grant Defendants' motion to dismiss Plaintiffs' amended complaint.

## II. ARGUMENT

Plaintiffs challenge the refusal and ineligibility of their visa applications. However, they have no legal ground to claim entitlement to visas. Therefore, the Court should dismiss the amended complaint seeking mandamus relief in the form of readjudicating the refused visa applications.

### A. Plaintiffs' Amended Complaint Remains Moot

In *Yahya*, the Court granted the defendants' motion to dismiss for lack of subject-matter jurisdiction where the plaintiff filed a mandamus action seeking to compel the Government to adjudicate a visa application. *Yahya*, 2024 WL 3497936 at *2. The plaintiff also asserted claims under the Administrative Procedure Act for withholding immigrant visa applications, for withholding mandatory entitlement, and for unreasonable delay. *Id.* The Court acknowledged that although some courts have denied mootness claims under similar fact patterns, numerous courts, including courts within the Fifth Circuit, have dismissed mandamus actions as moot where a consular officer refused a visa application, citing § 1201(g). *Id.* at 3 (citations omitted). The Court agreed with the reasoning applied by courts within the Fifth Circuit and determined that claims for mandamus and withholding under the APA cannot proceed where the Government has already taken the action it is required to take by a

consular officer having refused a visa application under § 1201(g)—even if the case were still under administrative processing. *Id.*

Here, as in *Yahya*, a consular officer refused Plaintiffs' visa applications. ECF 12-1 ¶¶8, 21; ECF 19 at 1 ¶3, 2 n.1, 7 ¶37. Therefore, Plaintiff's claims were moot at that point back in 2021. The Court allowed Plaintiffs the opportunity to amend their complaint in light of the additional recent refusal under § 7031(c), which they did. ECF 19. Nothing raised in Plaintiffs' amended complaint, nor in their response to Defendants' most recent motion to dismiss the amended complaint overcomes that mootness. In fact, there is now an additional ground of mootness that Plaintiffs cannot overcome, as explained in Defendants' Motion to Dismiss the Amended Complaint. ECF 25.

### B. Noncitizens Have No Constitutional Interest in Their Visa Applications

To the extent Plaintiffs attempt to recharacterize their claim as a procedural and due process challenge, those claims must fail because, as explained by the United States Supreme Court in the *Muñoz* case, noncitizens have no due process rights to challenge denial of their visa applications. *Dep't of State v. Muñoz*, 602 U.S. 899, 908 (2024); *see also Kerry v. Din*, 576 U.S. 86, 101 (2015) (plurality opinion). Hamad and Algayyali are not U.S. citizens, therefore, as unadmitted and nonresident aliens, they have no right of entry into the United States. *Id.* Consequently, Plaintiffs' claims should be dismissed.

### C. U.S. Citizens Have No Constitutionally Protected Interest in Having Their Family Members Admitted to the U.S.

Further, as the United States Supreme Court has stated, the Government's denial of noncitizens' visa applications does not violate the constitutional rights of U.S. citizens. *Muñoz*, 602 U.S. at 919; *Din*, 576 U.S. at 88. Thus, the Government's denial of noncitizens' Hamad

and Algayyali's visa applications does not violate the constitutional rights of U.S. citizen Plaintiff Al Kayyali. *Id.* Plaintiff Al Kayyali does not and cannot identify a protected liberty interest in having her parents admitted to the U.S. Therefore, Plaintiffs' claims that Al Kayyali's due process rights were violated must also fail.

Plaintiffs claim they are entitled to an explanation of the reasons Hamad and Algayyali's visa applications were denied, but "[t]here is no such constitutional right." *Din*, 576 U.S. at 88. As in *Muñoz*, here, Plaintiff Al Kayyali does not have procedural due process rights to a "'facially legitimate and bona fide reason' for why someone else's visa was denied." *Muñoz*, 602 U.S. at 919. "To the extent [Plaintiffs] received any explanation for the Government's decision, this was more than the Due Process Clause required." *Din*, 576 U.S. at 88. Plaintiffs received written notices of their refusals under § 1201(g) as well as under 7031(c), and the Plaintiffs are not legally entitled to anything more. ECF 12-2, 12-3, 12-4, and 17-1.

### D. Plaintiffs' Claims are Barred Under the Doctrine of Consular Nonreviewability

In *Muñoz*, the Supreme Court decisively foreclosed judicial review of the "action of an executive officer to admit or to exclude" a noncitizen. *Munoz*, 144 S. Ct. at 1820. Courts have rejected challenges such as the Plaintiffs' challenge to "agency processes" or purported policies when the Court would need to look behind a visa refusal. *See Capistrano v. Dep't of State*, 267 Fed. App'x. 593, 594–95 (9th Cir. 2008) (rejecting attempt to "characterize their complaint as one challenging the process followed by the consulate rather than its ultimate decision"); *see also Pak v. Biden*, 91 F.4th 896, 900 (7th Cir. 2024) (affirming dismissal of "indirect attack" because courts "cannot review a TRIG exemption determination without first assessing a consular officer's inadmissibility determination."); *Matushkina v. Nielsen*, 877 F.3d 289, 295 (7th

4

Cir. 2017) (holding "indirect attack on the visa denial cannot succeed."); *Malyutin v. Rice*, 677 F. Supp. 2d 43, 46 (D.D.C. 2009), *aff'd*, No. 10-5015, 2010 WL 2710451 (D.C. Cir. July 6, 2010) (rejecting a plaintiff's "attempts to circumvent the doctrine [of consular nonreviewability] by claiming that he is not seeking a review of the consular officer's decision, but is challenging some other, related aspect of the decision.")

In *Muñoz*, the Supreme Court reaffirmed that noncitizens cannot invoke any exception to the doctrine of consular nonreviewability when the denial of a visa is allegedly in violation of constitutional rights. The Plaintiff in *Muñoz* claimed that the government's denial of her husband's visa violated her constitutional rights by depriving her of the right to live with her spouse in her country of citizenship without affording her the fair procedure guaranteed by the Fifth Amendment. *Muñoz*, 602 U.S. at 908-09. However, the Supreme Court noted that Congress has not prioritized unity of the immigrant family in comparison to other interests such as national security and foreign policy. *Id.* at 916. Thus, the Court found no fundamental constitutional right to family unity between spouses. *Id.* Likewise, Plaintiff Al Kayyali has no right to "family unity" with her parents as alleged in Plaintiffs' response.

Therefore, Plaintiffs' claims of alleged procedural due process violations fail.

### III. <u>CONCLUSION</u>

For the reasons stated above and in Defendants' Motion to Dismiss the Amended Complaint, Defendants request that the Court grant their motion and dismiss Plaintiffs' claims in their entirety.

Dated: December 11, 2024

                                                        Respectfully submitted,

ALAMDAR S. HAMDANI
United States Attorney

By:   */s/ Catina Haynes Perry*
Catina Haynes Perry
Assistant United States Attorney
Texas Bar No. 24055638
Federal Bar No. 577869
1000 Louisiana, Suite 2300
Houston, Texas 77002
Telephone: (713) 567-9354
Fax: (713) 718-3303
Email: catina.perry@usdoj.gov
*Attorney for the Defendants*

## **CERTIFICATE OF WORD COUNT**

I certify that the motion above has 1,272 words, in accordance with Judge Eskridge's procedures.

> */s/Catina Haynes Perry*
> Catina Haynes Perry
> Assistant U.S. Attorney

## **CERTIFICATE OF SERVICE**

I certify that on December 11, 2024, a copy of the foregoing pleading was served on all counsel of record by electronic mail via the Court's CM/ECF system.

> */s/Catina Haynes Perry*
> Catina Haynes Perry
> Assistant U.S. Attorney